IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAMANTHA J. LAND, n/k/a <br> SAMANTHA J. DARE, <br><br> Plaintiff, <br><br> v. <br><br> BARTLOW BROTHERS, INC. and <br> BARTLOW BROTHERS, INC. <br> HEALTH BENEFIT PLAN, <br><br> Defendants. | No. 06-3278 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion for Bill of Costs and Attorney's Fees (d/e 30). In an Opinion (d/e 28), dated April 10, 2008, this Court granted summary judgment in favor of Defendants and against Plaintiff Samantha Dare on all of Dare's claims. Defendants now seek an award of costs as well as attorney's fees pursuant to § 1132(g) of the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1132(g). For the reasons set forth below, the Motion for Bill of Costs and Attorney's Fees is allowed, in part, and denied, in part.

Dare alleged that she was fired in violation of 29 U.S.C. § 1140 (commonly referred to as ERISA § 510). At summary judgment, Dare failed to present direct evidence of intentional interference with her ERISA benefits and elected to proceed under the indirect method of proof. Defendants presented evidence that Dare was fired because Bartlow Brothers' President Dan Reynolds believed that another, more valuable, employee would quit if he did not terminate Dare. In granting summary judgment in favor of Defendants, the Court determined that Dare was unable to identify facts sufficient to create a triable issue on the question of whether this proffered reason was pretextual.

The Court turns first to the question of attorney's fees and costs under § 1132(g) of ERISA. The instant case falls under § 1132(g)(1), which gives the Court discretion to "allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Seventh Circuit has cautioned, "This discretion is not to be exercised without any criteria; it is not unlimited." <u>Bittner v. Sadoff & Rudoy Industries</u>, 728 F.2d 820, 828 (7th Cir. 1984). The Seventh Circuit recognizes a modest, rebuttable presumption in favor of awarding fees to the prevailing party, specifically noting that "[a]n award of fees to a successful defendant may be denied if

the plaintiff's position was both 'substantially justified'-- meaning something more than non-frivolous, but something less than meritorious -- and taken in good faith, or if special circumstances make an award unjust." Senese v. Chicago Area I.B. of T. Pension Fund, 237 F.3d 819, 826 (7th Cir. 2001); see also Sullivan v. William A. Randolph, Inc., 504 F.3d 665, 672 (7th Cir. 2007) (recognizing the "substantially justified" standard as the "bottom-line" inquiry in cases involving 29 U.S.C. § 1132(g)(1)).

Defendants contend that Dare's position was not substantially justified because, at the time the matter was before the Equal Employment Opportunity Commission, Dare knew that her health care costs had not been discussed during the July 2005, meeting regarding insurance rates. According to Defendants, Dare also would have known at that time that she had no evidence connecting her termination to her use of ERISA benefits. However, as the Court previously noted, Dare proceeded under the indirect method of proof, which did not require direct evidence of intentional interference with ERISA benefits. Dare attempted to demonstrate that Defendants' proffered reason for her termination was pretextual based on suspicious timing, comments by Reynolds about the high cost of health care, and Reynolds' alleged failure to follow established disciplinary procedures

prior to her termination. Although the Court determined that Dare failed to identify evidence sufficient to avoid summary judgment on this issue, the Court does not believe that Dare's position lacked substantial justification. Under the circumstances of the instant case, an award of attorney's fees and costs under 29 U.S.C. § 1132(g)(1) is not appropriate, and the Motion for Bill of Costs and Attorney's Fees is denied in this respect.

Defendants also seek an award of costs as the prevailing party under Federal Rule of Civil Procedure 54. Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." The categories of expenses which the Court may tax as costs are set out in 28 U.S.C. § 1920. Applying the applicable standards, Defendants are entitled to all of the costs sought in the bill of costs except for the $263.16 sought for "medical records." The Court is allowing a separate $139.60 for copies of medical records based on the fact that Plaintiff's medical condition was clearly relevant in the litigation of the instant case, thus the copies of the medical records were necessary. See Finchum v. Ford Motor Co., 57 F.3d 526, 533-34 (7th Cir. 1995); 28 U.S.C. § 1920(4). Defendants, however, identify no authority to support an award of other expenses incurred in

connection with obtaining medical records. Thus, Defendants are awarded costs in the amount of $949.82, which consists of $342.90 for exemplification and copies and $606.92 in deposition costs.

THEREFORE, Defendants' Motion for Bill of Costs and Attorney's Fees (d/e 30) is ALLOWED, in part, and DENIED, in part. Defendants are awarded costs in the amount of $949.82. The Motion is denied in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER:   May 15, 2008

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE